IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OWEN HARTY | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 14-6566 |
| AZAD HOLDINGS LLC | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                           **JULY 27 , 2016**

Presently before the Court is Plaintiff's Motion for Judgment After Default. (ECF No. 4.) For the following reasons, Plaintiff's Motion will be granted.

**I.      BACKGROUND**

In this action, Plaintiff Owen Harty seeks injunctive relief and attorney's fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. ("ADA"). Plaintiff alleges that Defendant's premises—a Burger King located at 2728 South Front Street, Philadelphia (the "Burger King")—is not in compliance with the ADA and its regulations. Plaintiff alleges that as a result, he has suffered discrimination under the ADA.

**A.      Factual Background**

At a hearing held on May 24, 2016, Plaintiff testified that he is a resident of Florida. (Compl. ¶ 1, ECF No. 1; May 24, 2016 Hr'g Tr. 7 (on file with Court).) He is disabled from the waist down from an L3 lumbar spinal cord injury. He is confined to a wheelchair. (Compl. ¶ 1; May 24 Hr'g Tr. 5.) Plaintiff became disabled in 1997 and his injuries are permanent. (May 24 Hr'g Tr. 5.) As a result of his disability, he is unable to walk or stand. (*Id*.) To aid mobility, Plaintiff has a manual wheelchair and a convertible van. (*Id*. at 6.) Although Plaintiff lives in Florida, he periodically returns to the Philadelphia area for business reasons and for vacation.

(*Id*. at 7.)  He visits with his niece when he travels to Philadelphia.  (*Id*. at 8.)  Since moving to Florida, Plaintiff has traveled to Philadelphia approximately 10-12 times, or around once or twice per year.  (*Id*.)

On July 27, 2013, during one of his visits to Philadelphia, Plaintiff went to the Burger King to get something to eat.  (Receipt, Pl.'s Ex. A; May 24 Hr'g Tr. 8-10.)[1]  At the Burger King, Plaintiff encountered architectural barriers that discriminate against him based upon his disability, and endanger his safety.  These barriers prevent him from returning to the property to "enjoy the goods and services available to the public."  (Compl. ¶ 5.)  Plaintiff alleges that the architectural barriers at the Burger King violate the ADA.  The barriers fall into two categories: barriers in the parking lot at the Burger King; and barriers related to the entrance access and path of travel to the restaurant.  (Compl. ¶ 10.)  With respect to parking, Plaintiff alleges that: (1) there is an insufficient number of accessible disabled parking spaces; (2) Defendant failed to maintain the spaces by permitting the paint to fade so that they are very difficult to identify; and (3) the spaces do not provide signs designating that they are reserved for disabled individuals.  (*Id*.; May 24 Hr'g Tr. 16-17; Photographs, Pl.'s Ex. B.)  As a result of these ADA violations, Plaintiff had difficulty locating accessible handicapped parking spaces and parking his vehicle.  (Compl. ¶ 10.)

With regard to the entrance access and path of travel to the restaurant, Plaintiff alleges that:  (1) there are no accessible routes from the parking area to the restaurant entrance; and (2) the curb ramp has an abrupt change in level at the top—approximately three inches—that renders it difficult or impossible for wheelchair-bound patrons to access the restaurant.  (*Id*.; May

---

[1] Plaintiff submitted various exhibits to support his claim during the May 24, 2016 damages hearing.  Most of the exhibits are photographs of the architectural barriers that he found at the Burger King.

24 Hr'g Tr. 9, 12-16; Photographs.)  Plaintiff also states that the sidewalk leading to the front door of the Burger King has bumps and cracks, which makes it difficult for wheelchairs to access the front door.  (May 24 Hr'g Tr. 12-16.)  In addition, to access the ramp, Plaintiff would have to cross the path of traffic from the parking lot.  (*Id*. at 12; Photographs.)  Even if Plaintiff were able to get to the ramp, his wheelchair would not be able to get over the lip of the ramp.  (May 24 Hr'g Tr. 15; Photographs.)  As a result of these barriers, Plaintiff was prevented from entering the restaurant.  (Compl. ¶ 10; May 24 Hr'g Tr. 10.)  He instead purchased food at the drive-through window.  (May 24 Hr'g Tr. 10.)  The photographs submitted at the damages hearing corroborated Plaintiff's testimony about the architectural barriers at Burger King.  (Photographs.)  Plaintiff plans to return to the Burger King.  (Compl. ¶ 5.)

### B.     Procedural History

On November 10, 2014, Plaintiff filed a Complaint seeking injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the ADA.  (Compl.)  On December 9, 2014, Defendant was served with the Complaint and summons.  (ECF No. 2.)  After Defendant's failure to respond to the Complaint, Plaintiff requested entry of default.  (ECF No. 3.)  On January 8, 2015, default was entered against Defendant.  (Min. Entry, Jan. 8, 2015.)

On March 17, 2015, Plaintiff filed the instant Motion for Judgment After Default (Mot. Default, ECF No. 4), with an accompanying Memorandum (Mem. Default, ECF No. 5.)  In addition to an injunction, Plaintiff also seeks attorney's fees and litigation costs in the amount of $13,554.00.[2]

On January 21, 2016, an Order was entered scheduling a damages hearing for February 18, 2016.  (ECF No. 6.)  The Order also directed Plaintiff to serve a copy of the Order on

---

[2] Plaintiff's request for attorney's fees will be addressed by a separate Order.

Defendant.  On January 27, 2016, the Order was served on Defendant by hand-delivery to the Manager at the Burger King.  (ECF Nos. 7, 8.)  At Plaintiff's request, the damages hearing was rescheduled for May 24, 2016.  (ECF No. 9.)  Plaintiff and his counsel were present at the hearing and presented evidence and testimony in support of his Motion.  (*See* Min. Entry, ECF No. 10.)  Defendant did not appear at the hearing.  After the hearing, the Court learned that Plaintiff had neglected to serve Defendant with a copy of the Order rescheduling the damages hearing.  As a result, the Court scheduled another damages hearing for June 27, 2016.  (ECF No. 11.)  Defendant was served with this Order.  (ECF Nos. 12, 13.)  Defendant again did not appear.  At the hearing, the Court incorporated the record from the May 24, 2016 damages hearing.  (Min. Entry, ECF No. 14.)

## II.     LEGAL STANDARD

Plaintiff moves for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure.  An entry of default is generally required prior to granting a default judgment.  *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc*., 175 F. App'x 519, 521 n.1 (3d Cir. 2006).  Here, the default was entered by the Clerk on January 8, 2015.

Under Rule 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action.  Fed. R. Civ. P. 55(b)(2).  Entry of default judgment is left to the discretion of the district court.  *Hritz v. Woma Corp*., 732 F.2d 1178, 1180 (3d Cir. 1984).  In determining whether default judgment should be granted, courts consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  "[T]he factual allegations of the complaint, except those relating to the amount of damages, will be taken as

true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation and internal quotation marks omitted). The Court need not accept the moving party's legal conclusions. *Id*. Accordingly, before granting a default judgment, "the Court must first ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Sowell v. RAV Investigative & Sec. Servs*., No. 15-3657, 2016 U.S. Dist. LEXIS 69293, at *4 (E.D. Pa. May 26, 2016) (citation and internal quotation marks omitted).

**III.   DISCUSSION**

Plaintiff seeks an injunction against Defendant to remove architectural barriers to the physically disabled that he alleges violate the ADA. Title III of the ADA prohibits disability discrimination in places of public accommodation. *See* 42 U.S.C. § 12182(a). Section 12182(a) states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Determining whether default judgment is appropriate requires us to consider whether the factual allegations adequately state a cause of action under the ADA in addition to balancing the *Chamberlain* factors.

To state a claim of disability discrimination under Title III of the ADA, Plaintiff "must show (1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator." *Anderson v. Franklin Inst*., No. 13-5374, 2016 U.S. Dist. LEXIS 60235, at *37 (E.D. Pa. May 6, 2016) (citations omitted).

For purposes of the statute, discrimination includes the "failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Places of public accommodation must make alterations to its premises that are "readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." 28 C.F.R. § 36.402(a)(1). This includes "remov[ing] architectural barriers in existing facilities" which is "readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. § 36.304(a)(1). Examples of steps to remove barriers include, "installing ramps," "[m]aking curb cuts in sidewalks and entrances," and "creating designated accessible parking spaces." *Id*. at § 36.304(b). The phrase "public accommodation" includes "a restaurant, bar, or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B); *see also PGA Tour, Inc. v. Martin*, 532 U.S. 661, 677 n.24 (2001).

Plaintiff has stated a claim of disability discrimination under Title III of the ADA. Burger King is a restaurant and is therefore a public accommodation under the statute. *See* 42 U.S.C. § 12181(7)(B). According to the Complaint, the factual allegations of which we must accept as true, Defendant Azad "owns, leases, leases to, or operates" the Burger King. (Compl. ¶ 7.) The allegations in the Complaint, together with the evidence and testimony offered during the damages hearing, establish that Defendant has discriminated against Plaintiff by failing to remove architectural barriers that prevent disabled individuals from accessing the goods and services offered by Burger King. Plaintiff testified that he was unable to locate handicapped parking spaces, and was unable to access the front door of the Burger King as a result of improperly constructed accessways and ramps. As a result of these architectural barriers, Plaintiff was unable to enter the Burger King establishment and enjoy the goods and services

provided by Burger King.

The *Chamberlain* factors also weigh in favor of granting Plaintiff's request for a default judgment. The first factor—whether Plaintiff would suffer prejudice if default is denied—weighs in favor of granting default judgment. Defendant has not entered an appearance in this action, which has been pending for over a year and a half. Defendant was served with this Motion for Judgment After Default over a year ago and has still not responded. "[D]enying the motion will prejudice [Plaintiff] because he has 'no other means of vindicating his claims against'" Defendant. *Sowell*, 2016 U.S. Dist. LEXIS 69293, at *9 (citation omitted); *see also Einhorn v. Klayman Produce Co.*, No. 13-1720, 2013 U.S. Dist. LEXIS 176590, at *9 (E.D. Pa. Dec. 17, 2013) (granting default judgment and noting that "Defendant's lack of participation in this action continues to cause prejudice to Plaintiff"); *Directv, Inc. v. Asher*, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *4 (D.N.J. Mar. 14, 2006) (finding default judgment appropriate and noting prejudice to plaintiff where the defendant "has not responded in any fashion to [the plaintiff's] Complaint").[3]

The second factor—whether Defendant appears to have a litigable defense—also weighs in favor of granting the default judgment. Defendant has not asserted a meritorious defense, either by responding to the Complaint or by responding to this Motion for Judgment After Default. *See Einhorn*, 2013 U.S. Dist. LEXIS 176590, at *10-11 ("[G]iven Defendant's silence, we are unable to independently discern any facts that would bar Plaintiff's recovery at trial."). In cases like this, "the court may presume that an absent defendant who has failed to answer has no

---

[3] Plaintiff's counsel advised the Court that he had attempted on a number of occasions to communicate with Defendant with regard to this lawsuit. He was successful in speaking to two different managers at Burger King and he advised them to have someone from Defendant call him so that he could explain the situation to them. He never received a return call from anyone at Burger King or Azad Holdings. (May 24 Hr'g Tr. 22-23.)

meritorious defense because it is not the court's responsibility to research the law and construct the parties' arguments for them." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014) (internal quotation marks and citations omitted).

Finally, the third factor—whether defendant's delay is due to culpable conduct—also weighs in favor of granting the default judgment.  We can see no justification or excuse for Defendant's failure to respond to the Complaint or this Motion, other than Defendant's own culpable conduct.  *See Innovative Office Prods., Inc. v. Amazon.com, Inc.*, No. 10-4487, 2012 U.S. Dist. LEXIS 59090, at *12-13 (E.D. Pa. Apr. 26, 2012) ("A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful.").  Plaintiff has demonstrated that Defendant was provided numerous opportunities to defend against Plaintiff's claims and failed to do so.  Defendant was personally served with (1) a copy of the summons and complaint, (2) this motion for default judgment, and (3) the Order scheduling the damages hearing.  Defendant's silence reveals its culpable conduct and its unwillingness to defend against these claims.  *Einhorn*, 2013 U.S. Dist. LEXIS 176590, at *10 (granting default judgment where the defendant was properly served with the complaint, failed to participate, and offered no reason for the failure).

Accordingly, we are satisfied that the Complaint's factual allegations state a claim of disability discrimination under Title III of the ADA and that default judgment is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Judgment After Default will be granted.

An appropriate Order will follow.

                                           **BY THE COURT:**

                                       _____
                                        **R. BARCLAY SURRICK,   J.**